IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELIA DIAL, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-1864-N-BK |
| | § | |
| ESTRADA REID MIX, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. For the reasons that follow, this action should be **DISMISSED** for failure to comply with court orders and want of prosecution.

I.

On August 7, 2019, the Court advised Plaintiff Angelia Dial of the requirement that she register to use the Court's electronic filing system (CM/ECF). Doc. 4. On September 3, 2019, after she failed to do so, the Court extended the deadline to September 18, 2019 to register for electronic filing or show good cause why she should be excused from that requirement. Doc. 7. The order cautioned Dial that failure to comply with the order might result in the dismissal of this case for want of prosecution under Federal Rule of Civil Procedure 41(b).

When Dial again failed to comply, the Court directed her to appear for a show cause hearing on October 21, 2019. Doc. 9. Dial failed to appear for the show cause hearing as ordered. Doc. 11. Moreover, the show cause order was returned to the Court as undeliverable. As of the filing of this recommendation, Dial has not updated her address or otherwise contacted

the Court. *See* Doc. 2 (advising Plaintiff to notify the Court of any address change, or risk dismissal); Doc. 10.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice. However, when, as here, a litigant may be barred by the statute of limitations from re-asserting her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice and the court is required to apply a higher standard of review.[1] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In that instance, a court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Id.* In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (same).

---

[1] The May 9, 2019 EEOC Right to Sue letter, which Dial enclosed with her complaint, required her to file a civil action within 90 days of receipt of the notice. Doc. 3 at 5.

2

Those requisites are met here.  This case has been pending for nearly three months, and despite the issuance of two deficiency notices/orders, Dial has failed to comply with the Court's directive to register for electronic filing or demonstrate cause why she should be excused from the registration requirement.  Dial has also failed to keep the Court informed of her current address and to abide by the Court's order to appear and show cause.  Because Dial is representing herself, the delay caused by her failure to comply with the Court's Order and update her address information is attributable to her alone.  *See Berry*, 975 F.2d at 1191.  Considering the foregoing conduct, no lesser sanction will prompt diligent prosecution of this case.  Indeed, the case cannot proceed further absent Dial's registration for electronic filing and/or current address.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if limitations may prevent further litigation of Plaintiff's claims.  *See Nottingham*, 837 F.3d at 441 (finding no abuse of discretion where district court applied higher standard of review and dismissed *pro se* action due to intentional noncompliance with court orders).

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with court orders and for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**SO RECOMMENDED** on October 30, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).